864 F.2d 149
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMCHEM PRODUCTS, INC., Plaintiff-Appellant,
v.
CORAL CHEMICAL COMPANY, Defendant/Cross-Appellant.
 Nos. 88-1005, 88-1013.
 United States Court of Appeals, Federal Circuit.
 Nov. 22, 1988.
 
 N.D.Ill.
 AFFIRMED.
 Before MAYER and MICHEL, Circuit Judges, and EDWARD D. RE, Chief Judge.*
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Amchem Products, Inc. (Amchem) appeals the judgment of the United States District Court for the Northern District of Illinois, Amchem Products, Inc. v. Coral Chemical Co., No. 83 C 2453 (N.D.Ill. August 31, 1987), holding invalid under 35 U.S.C. Sec. 103 (1982) claims 1-16 of United States Reissue Patent No. 31,198 (the '198 or reissue patent), entitled "Method for Cleaning Aluminum at Low Temperatures." In a cross-appeal, Coral Chemical Co. (Coral) asserts that the court erred in not awarding Coral attorney fees based on alleged inequitable conduct by the patentees. We affirm the district court's determination of invalidity and its denial of attorney fees.
 
 OPINION
 I.
 
 2
 Amchem bears the burden of showing that the trial court's determination that the '198 patent would have been obvious and, therefore, is not valid under section 103, involves reversible legal error, or that the court's findings of fact in support of its conclusion of obviousness are clearly erroneous. Medtronic, Inc. v. Daig Corp., 789 F.2d 903, 904-05, 229 USPQ 664, 666 (Fed.Cir.1986), cert. denied, 479 U.S. 931 (1986). After careful review of the record, the briefs, and the arguments, we hold that Amchem has not shown that the district court's conclusion that the '198 patent was obvious in view of the cited prior art was incorrect as a matter of law. Furthermore, the facts underlying this conclusion have not been shown to be clearly erroneous.
 
 
 3
 The linchpin to Amchem's argument is that the district court erred in determining that the scope of the prior art is broader than that involving the cleaning of particular substances, fines and lubricants, from a particular type of beverage container, "two-piece cans," made with a particular aluminum alloy, "3004 alloy or an aluminum alloy substantially equivalent thereto," using a particular mixture of known aluminum cleaning ingredients. We disagree. Even though Amchem's independent claims recite a process for cleaning fines and lubricants from aluminum alloy No. 3004 surfaces, and certain of Amchem's claims specify use of their process for cleaning cans, with the surfaces being of aluminum alloy No. 3004, the district court properly concluded that the scope of the prior art here is broader than Amchem suggests and that it includes more general surface preparation techniques for aluminum and its alloys.
 
 
 4
 Those of ordinary skill in the art to which Amchem's patent pertains reasonably could have been expected to investigate other, known methods for preparing aluminum when searching for a solution to the particular problem addressed by Mr. Binns, Amchem's inventor. See Shatterproof Glass Corp. v. Libbey-Owens Ford Co., 758 F.2d 613, 620, 225 USPQ 634, 637-38 (Fed.Cir.1985) (even in determining whether references of merely analogous art are pertinent, the court should consider the problem confronting the inventor, to determine whether the references still are reasonably pertinent to that problem), cert. dismissed, 474 U.S. 976 (1985). Accordingly, the district court did not err in its conclusion that the prior art includes references which do not specifically address the problem of cleaning fines and lubricants from aluminum alloy No. 3004 as used in two-piece beverage, aluminum cans, but which do show aluminum cleaning solutions for use at low temperature and containing the ingredients claimed in Amchem's reissue patent. For the same reason, the conclusion of the district court that the prior art includes references which disclose the use of aluminum cleaning solutions containing hydrofluoric and sulfuric acids and a refractant in somewhat different proportions than claimed by Amchem also was not in error.
 
 
 5
 Based on its review of the relevant prior art, the district court concluded that the specific differences between the prior art references and the claimed invention relating to concentration of cleaning ingredients and types of substances to be cleaned were not patentably significant. The court found that the evidence was "very persuasive that a person skilled in the art of the treatment of aluminum and aluminum alloy surfaces would know that a surfactant would clean organic soils like lubricants." The court also found that one of ordinary skill would know that sulfuric and hydrofluoric acids were suitable cleaners for fines, and that the etching effect of hydrofluoric acid would be reduced by lowering the proportion of this acid. These findings have not been shown to be clearly erroneous.
 
 
 6
 Additionally, Amchem argues that the district court erred in failing to give "proper consideration" to the "impressive" commercial success experienced by Amchem's process. While commercial success is a factor favoring nonobviousness, the weight to be accorded evidence of "secondary considerations" is to be carefully appraised in relation to the facts of the actual case in which it is offered. See Cable Electric Products, Inc. v. Genmark, Inc., 770 F.2d 1015, 1026-27, 226 USPQ 881, 887-88 (Fed.Cir.1985). In view of the evidentiary value of other relevant factors presented, we do not agree that the district court failed to properly consider commercial success.
 
 
 7
 To the extent the district court committed error by referring, in passing, to the now antiquated "invention" standard, or by referring to the obviousness of Amchem's "composition" as opposed to its process, we view such error as harmless.
 
 II.
 
 8
 Coral's argument that the district court erred in failing to award attorney fees is also unpersuasive. Alleged inequitable conduct was the only basis for Coral's claim to attorney fees. However, based on the evidence presented, the district court did not err in concluding that Amchem had not conducted itself inequitably before the Patent Office. Accordingly, no basis exists for concluding that the court abused its discretion by denying Coral its attorney fees. See Spectra-Physics, Inc. v. Coherent, Inc., 827 F.2d 1524, 1537, 3 USPQ2d 1737, 1746 (Fed.Cir.1987), cert. denied, 108 S.Ct. 346 (1987).
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation, pursuant to 28 U.S.C. Sec. 293(a)